**XI QUE LI, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 07–4037.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) July 1, 2009.

Filed: July 6, 2009.

Gary J. Yerman, Esq., Yerman & Associates, New York, NY, for Petitioner.

---

Richard M. Evans, Esq., Nancy E. Friedman, Esq., Virginia M. Lum, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Petitioner, Xi Que Li, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen. For the following reasons, we will grant her petition.

Li entered the United States in August 2000 and was issued a notice to appear charging her as being unlawfully present pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). In response, she applied for asylum, withholding of removal, and relief under the Convention Against Torture. Li's application was based on her claim that Chinese authorities forced her to undergo an abortion in August 1999.

In denying Li's claims on May 21, 2004, the Immigration Judge ("IJ") concluded that Li was not credible[1] and had not submitted adequate evidence to support her claims. On September 30, 2005, the BIA affirmed the IJ's decision. Li did not file a petition for review. On April 2, 2007, Li filed a motion to reopen the BIA's decision and also sought to file a successive

asylum application. In the motion, Li claimed changed country circumstances based on Chinese authorities' stricter enforcement of the one-child policy in her home province of Fujian. Li alleged that under the one-child policy she would be subject to coercive birth control measures because of her two United States born children. The BIA denied the motion on September 20, 2007, and Li, through counsel, has filed a petition for review.

We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion. *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir.2002).

Motions to reopen are generally required to be filed with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). The deadline does not apply to motions that rely on evidence of "changed circumstances arising in the country of nationality ... if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.2(c)(3)(ii).[2] Here, the BIA concluded that Li's motion to reopen demonstrated only changes to her personal situation—i.e., the birth of her two children. Citing to *Matter of J–*

---

1. While it has no bearing on Li's motion to reopen, we note that the Immigration Judge exhibited hostility and impatience toward Li during her removal hearing. For example, when Li stated that she did not understand the basis for his ruling, Judge Ferlise stated: "All right. Let me ... make it as simple as I can. You're a liar. Is that clear? You lied to me. The whole application is ... a lie. Is that clear? Is that clear enough?" (Joint Appendix at 315.)

2. Li spends much of her appellate brief arguing that she is entitled to file a successive asylum application regardless of whether she could satisfy these requirements. This argument, however, is foreclosed by our recent opinion in *Liu v. Att'y Gen.*, 555 F.3d 145, 150–52 (3d Cir.2009).

*W–S–*, 24 I. & N. Dec. 185 (BIA 2007), the BIA concluded that Li had failed to demonstrate that she would be persecuted due to the birth of her two children, who were born in the United States. Accordingly, the BIA denied the motion to reopen for Li's failure to meet her burden of proof.

The BIA's characterization of the motion to reopen as being based solely on changed personal circumstances is inaccurate. Although changes in her personal circumstances do not constitute changed country conditions, they are relevant to her claim that she would be persecuted under changing Chinese family planning laws. Indeed, Li's brief in support of her motion to reopen focuses, in part, on "the dramatic increase in the use of forced abortions and sterilizations to implement the one child rule is change arising in China. . . ." (Joint Appendix at 25.) Therefore, we will focus on the BIA's determination that Li failed to show changed country conditions in China.

Recently, we decided two cases presenting issues similar to the case at hand, *Zheng v. Att'y Gen.*, 549 F.3d 260 (3d Cir.2008), and *Liu v. Att'y Gen.*, 555 F.3d 145 (3d Cir.2009). In *Zheng*, we granted two petitions for review where the petitioners, like Li, had been ordered removed but later had more than one child in the United States and sought reopening on the basis of heightened enforcement of family planning policies in Fujian province. *Zheng*, 549 F.3d at 262. We did so while noting the BIA has a "duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on [her] claim and a similar, if not greater, duty arises in the context of motion to reopen based on changed country conditions." *Id.* at 268 (citations and quotations omitted). In that regard, we granted the petitions based on the BIA's failure to adequately consider the evidence Zheng submitted in support of his motion to reopen. *Id.* at 269. Specifically, we found that "the BIA did little more than quote passages from its earlier decision in *J–W–S–* without identifying-let alone discussing-the various statements contained in the record before it that Zheng submitted in support of his motion to reopen." *Id.* at 268.

In contrast, in *Liu*, which also involved a petitioner who alleged increased enforcement of the one-child policy in Fujian province, we found that the record supported "the BIA's conclusions that Liu did not demonstrate changed circumstances in China and would not have a reasonable fear of persecution if she returned to China." *Liu*, 555 F.3d at 148–49. We quoted from the BIA opinion at length which discussed and analyzed evidence Liu submitted of changed country conditions and determined, in light of the evidence, that Liu failed to show a material change in the coercive population control policy in China. *Id.*

Here, the BIA's opinion is much closer to the type of analysis we deemed inadequate in *Zheng*. The BIA's entire analysis of the evidence Li submitted amounted to a discussion of *Matter of J–W–S–* and a conclusory statement that, as in *J–W–S–*, Li's evidence was insufficient to meet her burden of proof. The BIA did not mention-let alone discuss-Li's affidavit and her mother's affidavit, both of which recount recent instances of forced sterilization in her home village. Moreover, Li's mother's affidavit, a 2007 letter from the Villager Committee, and a document from the National Family Planning Committee, all state that children born abroad to Chinese nationals are counted for family planning purposes, and that Li (or someone in her situation) would be sterilized upon her return. The BIA, however, did not discuss

why these documents were insufficient to show changed country conditions.

We note, as we did in *Zheng*, that ultimately, the BIA may have come to the correct conclusion regarding Li's motion: "the procedural shortcomings that we find existed in the BIA proceedings ... do not imply that the BIA reached an incorrect result predicated on the records before it[.]" *Zheng*, 549 F.3d at 272. However, given the BIA's lack of analysis and cursory discussion of the evidence Li submitted, we will grant the petition for review, vacate the BIA's order, and remand for further proceedings consistent with this opinion and our decision in *Zheng*.